UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VENI WAYNE FONOTI, | ) | 1:08-cv-00844-OWW-BAK-SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING PETITION TO FILE A SUBSTITUTION OF ATTORNEYS OR, ALTERNATIVELY, A NOTICE OF INTENTION TO PROCEED IN PROPRIA PERSONA |
| v. | ) | |
| | ) | THIRTY DAY DEADLINE |
| KEN CLARK, Warden, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO SERVE COPIES OF ORDER ON PETITIONER, ATTORNEY STEVEN ROZAN, AND RESPONDENT |
| Respondent. | ) | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On June 4, 2008, the petition was filed in this case by Petitioner, acting in propria persona, in the United States District Court for the Central District of California. (Doc. 1, p. 37). On June 18, 2008, the case was transferred to this Court. (Doc. 4). On June 20, 2008, the Court granted in forma pauperis status to Petitioner. (Doc. 6). On July 14, 2008, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge, again acting in propria persona. (Doc. 8). On

1

October 7, 2008, the Court ordered Respondent to file a response to the petition. (Doc. 10).

On December 23, 2008, attorney Steven Jay Rozan, Houston Texas, filed an application to proceed pro hac vice pursuant to Local Rule 83-180(b)(2). (Doc. 17). The Court granted the application on December 29, 2008. (Doc. 17). On January 7, 2009, Respondent filed a response to the petition (Doc. 18), and on February 10, 2009, Petitioner, again acting in propria persona, filed his Traverse. (Doc. 20). In between, on January 29, 2009, Mr. Rozan filed a motion to stay ruling on the petition, claiming he had "serious and important...concerns" regarding both Petitioner's allegations and Respondent's response, and that he needed additional time in which to research and investigate the case before proceeding. (Doc. 19). More recently, on July 21, 2009, Mr. Rozan has filed a motion to strike both the Answer and the Traverse (Doc. 22), and on August 4, 2009, has filed a motion to amend the petition or alternatively to file a supplement to the petition. At no point has Mr. Rozan ever filed either a formal entry of appearance or a substitution of counsel signed by Petitioner. Neither has Petitioner filed any document indicating his desire to have Mr. Rozan represent him in these proceedings.

## DISCUSSION

Local Rule 83-182(g) provides that an attorney who has appeared in an action may substitute another attorney and withdraw by submitting a substitution of attorneys which is signed by the withdrawing attorney, the new attorney, and the client. All substitutions of attorney require the approval of the Court, and the words "IT IS SO ORDERED" with spaces designated for the date and signature of the Judge must be affixed at the end of each substitution.

This Court interprets this rule as requiring the consent of the client before an attorney may substitute in as the client's representative in place of the client.[1] Here, there has been no written

---

[1] The Court is aware that, on occasion, in other cases, courts have interpreted the rule on substitution of counsel as inapplicable to a habeas case in which the prisoner is already appearing in pro per and subsequently retains counsel. The rationale for that view is that, although the petitioner is representing himself, he is not an attorney; therefore, a "substitution of attorneys" is inapposite and should not be required. However, the better view appears to be one that requires some form of written notice, signed by the petitioner, in order to obviate the very type of confusion that has arisen in this case and to prevent a petitioner and his would-be attorney from acting at cross-purposes to each other. Indeed, without a signed

2

consent by Petitioner himself to the substitution of attorney Rozan as his attorney. Further, Petitioner has continued to file documents on his own behalf, i.e., a Traverse, even after Mr. Rozan purportedly commenced his representation of Petitioner, thus suggesting to the Court that Petitioner wishes to continue to proceed in propria persona.

Although Mr. Rozan's application to appear pro hac vice pursuant to Local Rule 83-180(b)(2) was granted by the Court, it bears emphasis that said application merely satisfied an exception to the requirement that any attorney practicing in this Court must be a member of the Bar of this Court. See Local Rule 83-180(b). Local Rule 83-180 does not govern either entries of appearance by attorneys in cases pending before this Court or substitutions of attorneys for such cases.

Thus, the status of representation of Petitioner in this matter is unclear. All documents filed by purported counsel, Mr. Rozan, are subject to being stricken. The Court is unable to proceed to the merits of the petition, which is now fully briefed, or otherwise to proceed in the case until clarification regarding the status of representation of Petitioner is provided by Petitioner and Mr. Rozan.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner IS DIRECTED TO FILE in this Court no later than thirty (30) days after the date of service of this order either: (1) a substitution of attorneys indicating attorney Rozan's substitution, which bears the signatures of both Petitioner and attorney Rozan, or (2) a statement of intention by Petitioner to proceed pro se.

2. The Clerk of the Court is DIRECTED to serve copies of this order on both Petitioner and Mr. Rozan, as well as Respondent.

---

indication of Petitioner's intent regarding representation, the Court simply has no way of knowing whether Petitioner wishes to be represented by Mr. Rozan or not.

3

Petitioner is forewarned that a failure to file timely will not only delay further proceedings in the case, but will also be considered a failure to comply with an order of the Court within the meaning of Local Rule 11-110 and may result in a recommendation that the action be dismissed

IT IS SO ORDERED.

**Dated:**   **August 10, 2009**            **/s/ Sandra M. Snyder**
                                               UNITED STATES MAGISTRATE JUDGE