UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VENI WAYNE FONOTI, | ) | 1:08-cv-00844-OWW-JMD-HC |
| Petitioner, | ) | |
| | ) | ORDER STRIKING COURT DOCUMENTS |
| v. | ) | 22 AND 23 FROM THE RECORD |
| KEN CLARK, | ) | |
| Respondent. | ) | |

Petitioner Veni Wayne Fonoti ("Petitioner") is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 23, 2008, Attorney Steven Jay Rozan filed a petition for admission to practice *pro hac vice* pursuant to Local Rule 83-180(b)(2), purporting to do so on behalf of Petitioner. (Doc. 17). The *pro hac vice* petition lists Mr. Rozan's business address as 2777 Allen Parkway, 10th Floor, Houston, Texas. (Id.). The District Judge granted the *pro hac vice* petition on December 29, 2008. (Id.). Mr. Rozan failed to file a formal entry of appearance or substitution of counsel. *See* E.D. Cal. R. 83-182 (discussing requirements for appearing as an attorney of record).

Petitioner filed two documents *pro se* subsequent to Mr. Rozan's *pro hac vice* admission– a motion to stay and a traverse. (Docs. 19, 20). On July 21, 2009, Mr. Rozan filed a motion to strike Petitioner's *pro se* traverse as well as Respondent's answer. (Doc. 22). Mr. Rozan filed a motion for leave to amend the petition on August 4, 2009. (Doc. 23)

///

Due to the confusion caused by Petitioner's continued *pro se* filings and Mr. Rozan's failure to file a formal substitution or entry of appearance, on August 11, 2009, the Court entered an order directing Mr. Rozan to file a formal substitution of attorney within thirty days; the order directed Petitioner to file a notice of intention to proceed *pro se* in the alternative. (Doc. 25). The order cautioned Petitioner and Mr. Rozan that all documents filed by Mr. Rozan were subject to being stricken and that failure to comply with the Court's order could result in dismissal of the petition pursuant to Local Rule 11-110. (Doc. 25 at 4). Over thirty days have passed and neither Petitioner nor Mr. Rozan have responded to the Court's order. Accordingly, the motions filed by Mr. Rozan (Docs. 22 and 23) are STRICKEN from the record due to Mr. Rozan's failure to comply with the Court's August 11, 2009 order.[1]

IT IS SO ORDERED.

**Dated:    October 8, 2009**          /s/ **John M. Dixon**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court strikes Mr. Rozan's submissions with confidence that Petitioner will not be prejudiced by Mr. Rozan's lack of involvement in this action. In the motion to strike the traverse filed by Mr. Rozan, Mr. Rozan avers "the two previous *pro se* documents [filed by Petitioner] improperly and wrongfully mischaracterized and attack the California State Board of Paroles [sic] parole scheme, rather than the conviction itself...the actual issue to be resolved...will be solely whether Petitioner had ineffective assistance of trial counsel." (Doc. at 2). The Court notes initially that such a fundamental change in the nature of Petitioner's action, at this stage in the litigation, is likely impermissible. More importantly, Petitioner raised an ineffective assistance of trial counsel claim in a previous federal habeas petition which was denied by the United States District Court for the Central District of California. (Pet. at 4). Were the Court to permit Mr. Rozan to act as counsel for Petitioner and "amend" the petition to assert solely an ineffective assistance of trial counsel claim, the Court would be compelled to dismiss Petitioner's action. 28 U.S.C. § 2244(b)(1) ("a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed").